[Crim. No. 2356. First Dist., Div. Two. Oct. 8, 1945.]

THE PEOPLE, Respondent, v. ANDREW CRINOS, Appellant.

Alfred J. Hennessy and Elizabeth Cassidy for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

THE COURT.—The defendant was convicted on an information charging a violation of section 2, chapter 339, Statutes 1923, as amended by chapter 1098, Statutes 1931, as unlawfully having in his possession and under his control a certain firearm, to wit, a revolver. He has appealed from the judgment and from the order denying a motion for a new trial.

Respondent was tried by a jury and the two arresting officers testified that at the time of the arrest the defendant let drop from his possession to the floor a 32 Smith & Wesson revolver which was received in evidence. Proof was also made that the defendant had formerly been convicted of a felony and that at the time of judgment herein it appeared that he was a violator of his parole. The defendant and one other witness testified in his behalf but their testimony was completely discredited during their cross-examination.

A clerk's and a reporter's transcript were filed herein on May 10, 1945. Thereafter, upon affidavits of appellant's counsel that "he has worked diligently on the preparation" of appellant's opening brief, extensions of time for that purpose were granted to August 20, 1945, and on July 24, 1945, counsel was notified that no further extensions would be granted. No briefs have been filed by either side. However, we have read the entire transcript and find that the cause was fairly tried and without error.

The judgment and the order are affirmed.

A petition for a rehearing was denied October 23, 1945, and the following opinion was thereupon rendered:

THE COURT.— The appellant has filed a petition for

rehearing herein through substituted counsel in which complaint is made that he was not given proper consideration of his appeal. As we stated in the opinion on file herein, full opportunity was given appellant to file a brief in support of the appeal but his failure to do so was inexcusable and such failure is not excused by anything appearing in the petition for rehearing.

In addition to what was said in the opinion it should be added that on September 17, 1945, written notice was given appellant that the cause would be called for hearing and argument on October 8, 1945, but notwithstanding said notice, and a subsequent notice by telephone, the appellant failed to appear on the date set and failed to request a continuance of the hearing. Within eight days thereafter he filed his petition for a rehearing consisting of fifty-nine pages which is in the nature of a brief on the evidence. The failure to prosecute the appeal is chargeable wholly to the dilatory tactics of appellant's counsel.

The petition is denied.

Appellant's petition for a hearing by the Supreme Court was denied November 5, 1945. Schauer, J., voted for a hearing.